RANDY S. GROSSMAN
United States Attorney
FRED SHEPPARD, CBN 250781
JOHN N. PARMLEY, CBN 178885
Assistant U.S. Attorneys
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8237/7957

Attorneys for the United States

**FILED**

JUN 2 3 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY      GAV                    DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>     v.<br><br>SHAPOUR MOINIAN, aka Lion King,<br><br>     Defendant | Case No.: 21CR2927-JM<br><br>**PLEA AGREEMENT** |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, United States Attorney, and Assistant United States Attorneys Fred Sheppard and John N. Parmley and Defendant, SHAPOUR MOINIAN, with the advice and consent of Nathan Feneis, counsel for Defendant, as follows:

## I

## THE PLEA

Defendant agrees to waive indictment and plead guilty to a Superseding Information, charging him with one count of acting as an agent on behalf of a foreign government, without notification to the Attorney General, in violation of Title 18, U.S.C., Sec. 951, and two counts of false statement, in violation of Title 18, U.S.C., Sec. 1001.



## II

## **NATURE OF THE OFFENSE**

A.   ELEMENTS EXPLAINED

Defendant understands that the counts to which he is pleading guilty carry the following elements:

**Acting as an Agent of a Foreign Government Without Notification**

First, the defendant acted in the United States as an agent of a foreign government or official;

Second, the defendant failed to notify the Attorney General that he would be acting as an agent of the government or official;

Third, the defendant acted knowingly.

**False Statement**

First, the defendant made a false statement in a matter within the jurisdiction of the executive branch of the United States Government;

Second, the defendant acted willfully; that is, the defendant acted deliberately and with knowledge both that the statement was untrue and that his or her conduct was unlawful; and

Third, the statement was material to the activities or decisions of the executive branch of the United States Government, that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

B.   ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crimes, and admits that there is a factual basis for this guilty plea as provided below. To the extent any information below is derived from or corroborated by information relayed by Defendant during any prior proffer or interview with officials from the United States, Defendant waives any objection to its inclusion in this factual basis for the purpose of entering a guilty plea:

2

*Def's Initials*

1)    Defendant is a former helicopter pilot with the United States military, having served in the United States, Germany, and South Korea, from approximately 1977 through 2000. After his service, Defendant worked for various cleared defense contractors ("CDCs") in the United States, as well as the Department of Defense.

2)    In 2016, Defendant was working for CDC A on various aviation projects. That same year, Defendant messaged back and forth with Individual A through an online employment service. At the time, Individual A claimed to be working for a technical recruiting company in China and offered Defendant the opportunity to consult for the aviation industry in China.

3)    Defendant and Individual A arranged for Defendant to travel to Hong Kong at no expense to Defendant to meet with Individual A and others to discuss Defendant entering such an arrangement. In March 2017, Defendant travelled to Hong Kong where he met with Individual A and others. At the time, Defendant was working in San Diego, California for CDC A on aviation projects used by the military and intelligence agencies in the United States and other allied countries.

4)    During his trip and meeting in Hong Kong, Defendant agreed to provide information and materials related to multiple types of aircraft designed and/or manufactured in the United States in exchange for money. Defendant was provided approximately $7,000-$10,000 in United States Currency during the trip by one of Individual A's associates. At the time the Defendant agreed to provide these aviation-related materials to Individual A and Individual A's associates—as well as during every subsequent interaction with these individuals—he knew that they were employed by or directed by the government of the People's Republic of China. Thus, in agreeing to provide Individual A and Individual A's associates aviation-related information in exchange for money, Defendant knew that he was acting at the direction of a foreign government. At no point did he notify the Attorney General of the United States of his actions.

5)    Upon returning to the United States, Defendant began gathering aviation-related materials for Individual A and Individual A's associates, which included

3

*Def's Initials* ___

transferring material from CDC A to a thumb drive. Defendant updated Individual A via various means of electronic messaging as to his progress on the materials that he was gathering at Individual A and the associates' direction.

6)    On July 7, 2017, while still working for CDC A, Defendant electronically submitted through e-QIP his completed SF-86 questionnaire for his national security clearance background check. Section 19, entitled "Foreign Contacts," asked, "Do you have, or have you had, close and/or continuing contact with a foreign national within the last seven (7) years with whom you, or your spouse, or cohabitant are bound by affection, influence, common interests, and/or obligation?" Defendant answered, "No."

7)    Section 20B, entitled "Foreign Business, Professional Activities, and Foreign Government Contacts, asked, "Has any foreign national in the past seven (7) years offered you a job, asked you to work as a consultant, or consider employment with them?" Defendant answered, "No."

8)    Defendant affirmed in this same questionnaire that his answers were true, complete, and correct. Defendant further acknowledged that false answers would subject him to prosecution for providing false statements, in violation of Title 18 U.S.C., Sec. 1001. At the time, Defendant knew that his answers were materially false and that he was actively consulting for and at the direction of individuals directly employed or tasked by the People's Republic of China. When Defendant falsely answered these questions for his national security background check, he did so willfully. That is, he knew that it was illegal to lie on this form and knew that his answers were false. Moreover, Defendant concedes that his false answers were material to the activities or decisions of the executive branch of the United States Government, more specifically, the Department of Defense and they had a natural tendency to influence, or were capable of influencing, that agency's decisions or activities.

9)    In September 2017, Defendant traveled overseas and with a stopover at the Shanghai airport where he met with Individual A's associate and provided materials and information on a thumb drive, including proprietary information from CDC A. Following

4

*Def's Initials* ____

this, Individual A and her associates wired Defendant's payment to the South Korean bank account of Defendant's stepdaughter. Defendant told his stepdaughter that funds were payment for his consulting work overseas and instructed her to transfer the funds to him in multiple transactions.

10)   In addition to providing Defendant with cash payments and funds via his stepdaughter's South Korean bank account, Individual A and her associates provided Defendant with a particular cellular telephone to communicate with them, as well as other equipment to aid in the electronic transfer of materials and information.

11)   At the end of March 2018, Defendant traveled overseas and again met with Individual A and Individual A's associates in Bali before returning to the United States.

12)   In or about May 2018, Defendant started working at CDC B. During this same time period, Individual A and Individual A's associates transferred thousands of dollars into the South Korean bank account of Defendant's stepdaughter, who subsequently wired the funds to Defendant in multiple transactions.

13)   Defendant continued to compile aircraft information from CDC A, as well as another CDC where Defendant worked prior to CDC A, to provide to Individual A and her associates. Defendant did so knowing that Individual A and Individual A's associates were employed by, directed by, and/or subject to the control of the People's Republic of China.

14)   In August 2019, Defendant again traveled to Hong Kong and met with Individual A and her associates where he was again paid for his services, this time receiving approximately $22,000 in United States Currency, which Defendant and his wife subsequently smuggled back into the United States.

15)   On March 12, 2020, Defendant electronically submitted through e-QIP his completed SF-86C questionnaire for his national security clearance background check. In Block 2, Defendant answered multiple questions regarding any change in circumstances to his most recent SF-86 questionnaire referenced previously. The SF-86C instructed, "If you report no change to a Question, place an 'X' in the NO box. If there is a change, place an 'X' in the Yes box. All Yes answers must be explained...." For Questions 19 and 20,

5

*Def's Initials* ⟨initials⟩

"Foreign Contacts" and "Foreign Activities," Defendant answered that there was no change since the information he previously provided above in his SF-86 submitted on July 7, 2017.

16)     Defendant affirmed that his answers were true, complete, and correct. Defendant further acknowledged that false answers would subject him to prosecution for providing false statements, in violation of Title 18 U.S.C., Sec. 1001. At the time, Defendant knew it was illegal to lie on this form, that his answers were materially false and that he had consulted for and at the direction of individuals directly employed or tasked by the People's Republic of China. Defendant concedes that his false answers were material to the activities or decisions of the Department of Defense, and they had a natural tendency to influence, or were capable of influencing, that agency's decisions or activities.

## III

## PENALTIES

### Acting as an Agent of a Foreign Government Without Notification

Defendant understands that Count 1 (Acting as an Agent of a Foreign Government without Notification) to which Defendant is pleading guilty carries the following penalties:

A.     a maximum 10 years in prison;

B.     a maximum $250,000 fine;

C.     a mandatory special assessment of $100 per count; and

D.     a term of supervised release of up to 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release.

### False Statement

Defendant understands that Counts 2 and 3 (False Statements) to which Defendant is pleading guilty carries the following penalties:

A.     a maximum 5 years in prison;

B.     a maximum $250,000 fine;

6

*Def's Initials* _____

C.    a mandatory special assessment of $100 per count; and

D.    a term of supervised release of up to 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release.

## IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS

Defendant understands that this guilty plea waives the right to:

A.    Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.    A speedy and public trial by jury;

C.    The assistance of counsel at all stages of trial;

D.    Confront and cross-examine adverse witnesses;

E.    Testify and present evidence and to have witnesses testify on behalf of Defendant;

F.    Not testify or have any adverse inferences drawn from the failure to testify; and

G.    Defendant knowingly and voluntarily waives any rights and defenses Defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding.

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

The Government represents that any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to

7

*Def's Initials* $\underline{\text{SM}}$

Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

Defendant understands that if this case proceeded to trial, the Government would be required to provide impeachment information relating to any informants or other witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. Defendant acknowledges, however, that by pleading guilty Defendant will not be provided this information, if any, and Defendant also waives the right to this information. Finally, Defendant agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.    Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. Defendant understands that, by pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant further understands that the conviction in this case may subject Defendant to various collateral consequences, including but not limited to deportation, removal or other adverse immigration consequences; revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, including a financial professional license. The loss of none of which will serve as grounds to withdraw Defendant's guilty plea.

B.    No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

8

*Def's Initials* _Gil_

C.     No one has threatened Defendant or Defendant's family to induce this guilty plea.

D.     Defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

## VII

## LIMITATIONS OF PLEA AGREEMENT

This plea agreement is limited to the United States Attorney's Office for the Southern District of California and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities, although the Government will bring this plea agreement to the attention of other authorities if requested by the Defendant.

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

Defendant understands the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Defendant understands further that in imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the applicable and potentially applicable Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory, and the Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. Defendant understands further that the sentence cannot be determined until a presentence report has been prepared by the U.S. Probation Office, and both defense counsel and the Government have had an opportunity to review and challenge the presentence report. Nothing in this plea agreement shall be construed as limiting the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Defendant understands that the sentence is within the sole discretion of the

9

*Def's Initials* <u>SM</u>

sentencing judge. The Government has not made and will not make any representation as to what sentence Defendant will receive. Defendant understands that the sentencing judge may impose the maximum sentence provided by statute, and is also aware that any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is not binding on the Court. Likewise, the recommendation made by the Government is not binding on the Court, and it is uncertain at this time what Defendant's sentence will be. Defendant also has been advised and understands that if the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant nevertheless has no right to withdraw the plea.

## X

## PARTIES' SENTENCING RECOMMENDATIONS

### A.   SENTENCING GUIDELINE CALCULATIONS

Defendant acknowledges and understands that the U.S.S.G. does not specify a Guidelines range for a violation of 18 U.S.C. § 951 (Count 1). Defendant acknowledges and understands that where the Guidelines do not expressly specify a Guidelines range, the Court should "apply the most analogous guideline." In this matter, the parties agree that no such guideline exists and that the remaining provisions of 18 U.S.C. § 3553 control.

Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend that the Court adopt the following Guidelines as to Defendant's convictions for violating 18 U.S.C. § 1001 (Counts 2 and 3):

| | |
|---|---|
| **Base Offense Level [§ 2J1.2]** | **14** |
| **Acceptance of Responsibility  [§ 3E1.1]** | **-3** |

### B.   ACCEPTANCE OF RESPONSIBILITY

Notwithstanding paragraph A above, the Government will not be obligated to recommend any adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

10

*Def's Initials*

1.   Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2.   Falsely denies prior criminal conduct or convictions;

3.   Is untruthful with the Government, the Court or probation officer; or

4.   Materially breaches this plea agreement in any way.

C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

The parties agree that Defendant may request or recommend additional downward adjustments, departures, including criminal history departures under USSG § 4A1.3, or sentence reductions under 18 U.S.C. § 3553. The Government is free to oppose any such downward adjustments, departures and sentence reductions not set forth in Section X, paragraph A above.

D.   AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties do not have an agreement as to Defendant's Criminal History Category.

E.   "FACTUAL BASIS" CONSIDERED "RELEVANT CONDUCT"

The parties agree that the facts in the "factual basis" paragraph of this agreement are true, and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.   PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government may recommend up to 20 months in custody. Defendant may recommend any sentence.

G.   SPECIAL ASSESSMENT/FINE/RESTITUTION/FORFEITURE

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00, to be paid forthwith at time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

The parties will not recommend that Defendant pay a fine.

11

*Def's Initials* 8μ

H.    SUPERVISED RELEASE

If the Court imposes a term of supervised release, Defendant agrees that he will not later seek to reduce or terminate early the term of supervised release.

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

In exchange for the Government's concessions in this plea agreement, Defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and any lawful restitution order, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel. This includes, but is not limited to, any argument that the statutes of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crimes charged. The only exception is that Defendant may appeal a custodial sentence of more than 24 months. If at any time Defendant files a notice of appeal, appeals or collaterally attacks the conviction or sentence in violation of this plea agreement, said action shall be a material breach of this agreement as further defined below.

## XII

## BREACH OF THE PLEA AGREEMENT

Defendant acknowledges, understands and agrees that if Defendant violates or fails to perform any of Defendant's obligations under this agreement, such violation or failure to perform may constitute a material breach of this agreement.

Defendant acknowledges, understands and agrees further that the following non-exhaustive list of conduct by Defendant unquestionably constitutes a material breach of this plea agreement:

1.    Failing to plead guilty pursuant to this agreement;

2.    Failing to fully accept responsibility as established in Section X, paragraph B;

3.    Failing to appear in court;

4.    Attempting to withdraw the plea;

5.    Failing to abide by any lawful court order related to this case;

12

*Def's Initials*  &1/.

6.      Appealing or collaterally attacking the sentence or conviction in violation of Section XI of this plea agreement; or

7.      Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

In the event of Defendant's material breach of this plea agreement, Defendant will not be able to enforce any of its provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled as of the date of this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, Defendant agrees that in the event of Defendant's material breach of this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a material breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and/or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

//

//

//

13

*Def's Initials* _____

## XIII

## ENTIRE AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

## XIV

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XV

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

14

*Def's Initials* ⟨initials⟩

1
2

## XVI
## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation.
This is defendant's independent opinion, and counsel did not advise defendant about what
to say in this regard.

FOR THE GOVERNMENT:

RANDY S. GROSSMAN
United States Attorney

6|13|2022
Date

FRED SHEPPARD
JOHN N. PARMLEY
Assistant U.S. Attorneys

MATTHEW G. OLSEN
Assistant Attorney General
National Security Division

6/13/2022
Date

MENNO GOEDMAN
Trial Attorney

FOR THE DEFENDANT:

6|13|2022
Date

NATHAN FENEIS
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I**
**SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE**
**"FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

June 13, 2022
Date

SHAPOUR MOINIAN
Defendant

15

Def's Initials _____